# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| EMPIRE TAX & BOOKKEEPING SERVICES, INC., a Georgia Corporation<br><br>Plaintiff,<br><br>v.<br><br>EMPIRE TAX SERVICES, LLC, a Georgia Limited Liability Company<br><br>Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Empire Tax & Bookkeeping Services, Inc., a Georgia Corporation, states as its Complaint as follows:

## INTRODUCTION

1.  This is a civil action for (a) federal false or misleading representation of fact, false or misleading description of fact and false designation of origin arising under Section 43 of the Lanham Act of 1946, 15 U.S.C. §1125(a); (b) nonconsensual use of a registered service mark arising under the Georgia Code Annotated Section 10-1-450; (c) deceptive trade practices in the course of business arising under the

1

Uniform Deceptive Trade Practices Act, Georgia Code Annotated Section 10-1-370 *et seq.*; (d) fraud arising under Georgia Code Annotated Section 23-2-55; (e) common law service mark and trade name infringement arising under the common law of the State of Georgia; and (f) common law unfair competition arising under the common law of the State of Georgia. Plaintiff, Empire Tax & Bookkeeping Services, Inc., seeks preliminary and permanent injunctive relief, actual damages, compensatory damages, punitive damages, attorneys' fees, costs, and interest.

## **JURISDICTION**

2. This Court has jurisdiction over all causes of action set forth herein based on 15 U.S.C. §1121, 28 U.S.C. §§1331, 1338(a) and 1338(b), and pursuant to the supplemental jurisdiction of this Court under 28 U.S.C. §1367.

3. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) and (c).

4. This Court has personal jurisdiction over Defendant as Defendant maintains regular and systematic business contacts with the State of Georgia, Defendant purposely, regularly, and continuously conducts business in the State of Georgia and within this judicial district and division, Defendant purposefully directed its activities at residents of the State of Georgia, and the causes of action set forth

herein arise out of or relate to the Defendant's activities in the State of Georgia.

## THE PARTIES

## PLAINTIFF, EMPIRE TAX & BOOKKEEPING SERVICES, INC.

5.  Plaintiff, Empire Tax & Bookkeeping Services, Inc. ("Plaintiff" or "Empire Tax"), is a Georgia corporation, with its principal place of business at 4025 Satellite Boulevard Northwest, Duluth, GA 30096.

6.  By April 1, 2009, Plaintiff began using the mark "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" on and in association with its tax related services.

7.  Since at least April 1, 2009, Plaintiff has continuously used "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" as service marks and trade names representative of Plaintiff's tax related services and business, and Plaintiff's business, reputation, and quality services.

8.  On March 31, 2015, Plaintiff's service mark "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" was registered in the State of Georgia as Registration No. S - 27598.  See Exhibit "A."

9.  As a result of Empire's long, continuous, and wide spread use of its "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN"

service marks and trade names on and in association with its tax related services and business, "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" have become associated with Plaintiff, have acquired a secondary meaning, and have become an asset of substantial value as a symbol of Plaintiff, its quality name, quality services, and goodwill.

10. Plaintiff's "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" service marks and trade names are inherently distinctive.

## DEFENDANT, EMPIRE TAX SERVICES, LLC

11. Defendant, Empire Tax Services, LLC ("Defendant Empire"), is a Georgia Limited Liability Company, with a principal place of business located at 6200 Buford Highway, Suite B, Norcross, Georgia 30071.

12. On information and belief, no earlier than 2014, Defendant began using "EMPIRE TAX" to advertise, offer for sale, and sell Defendant's tax related services. See Exhibit "B."

13. On information and belief, Defendant did not start using "EMPIRE TAX" until 2014, approximately seven (7) years after Plaintiff adopted and began using its "EMPIRE TAX" service mark and trade name. See Exhibit "B." As a

result, Plaintiff's use of "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" predates Defendant's first use of "EMPIRE TAX."

14. On information and belief, when Defendant first began using the "EMPIRE TAX" designation, Defendant knew that Plaintiff had long been using its "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" service marks and trade names and that Plaintiff owned the "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" service marks and trade names.

15. On information and belief, Defendant continued using the designation "EMPIRE TAX" despite Defendant's knowledge of Plaintiff's prior adoption and prior use of Plaintiff's "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" service marks and trade names.

16. On information and belief, Defendant intentionally continued its use of "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" to trade upon Plaintiff's well-established reputation and goodwill.

17. Defendant's "EMPIRE TAX" designation is confusingly similar to Plaintiff's "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM &

DESIGN" service marks and trade names.

18. Defendant's "EMPIRE TAX" designation is similar in sight, sound, and meaning as Plaintiff's "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" service marks and trade names.

19. Defendant's "EMPIRE TAX" tax related services are similar to Plaintiff's tax related services and are offered for sale and sold to the same and/or similar customers as to whom Plaintiff offers for sale and sells its "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" tax related services.

20. Defendant's "EMPIRE TAX" tax related services are offered for sale and sold through the same and/or similar channels of trade through which Plaintiff offers for sale and sells its "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" tax related services.

21. On information and belief, Defendant's use of "EMPIRE TAX" has and continues to confuse the public. As such, Defendant's use of "EMPIRE TAX" falsely represents to the trade and customers that Defendant's tax related services originate from Plaintiff, and that Defendant and/or Defendant's tax related services are in some manner affiliated with Plaintiff.

22. Due to the striking similarity of the Defendant's "EMPIRE TAX"

designation and Plaintiff's "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" marks and trade names, the general public, customers, and others are likely to be confused as to the source of the tax related services offered by Plaintiff and Defendant.

23. Actual confusion exists as to the source of the tax related services offered by Plaintiff and Defendant.

24. Defendant is using "EMPIRE TAX" in a willful attempt to confuse the public.

### COUNT ONE:

### FEDERAL FALSE OR MISLEADING REPRESENTATION OF FACT, FALSE OR MISLEADING DESCRIPTION OF FACT & FALSE DESIGNATION OF ORIGIN

25. The preceding paragraphs are realleged and incorporated herein by reference.

26. Plaintiff first used "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" long before Defendant first used "EMPIRE TAX." Plaintiff is the original owner of the service marks and trade names "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN." Plaintiff has developed a reputation and a high degree of goodwill associated with its

use of its "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" service marks and trade names.  Plaintiff is substantially recognized by, and identified with, its "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" service marks and trade names.

27. Defendant has and continues to use the designation "EMPIRE TAX" in connection with its offers for sale and sales of tax related services.  Defendant's use of "EMPIRE TAX" falsely describes and represents Defendant as being sponsored by, approved by, or affiliated with Plaintiff.  Defendant has caused, with knowledge of such false designation of origin or description of fact or representation of fact, such designation to be used in interstate commerce.

28. Defendant has willfully promoted in interstate commerce its tax related services using a confusing simulation of Plaintiff's service marks and trade names in such a manner so as to falsely designate an origin or an association with Plaintiff, with Plaintiff's service marks, Plaintiff's trade names, and with Plaintiff's reputation and goodwill, so as to cause confusion or mistake among consumers and the public as to the true origin, source, sponsorship or affiliation of the Defendant's tax related services, all to Defendant's profit and to Plaintiff's monetary damage.  Plaintiff has been irreparably damaged by Defendant's use of such false designation, false

description, and misrepresentation.

29. Defendant has intentionally traded upon Plaintiff's reputation and goodwill, established through Plaintiff's long and continuous use and sales of its tax related services under Plaintiff's "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" service marks and trade names, by Defendant's use of a confusingly similar designation "EMPIRE TAX" in similar channels of trade to similar customers.

30. Defendant's acts, as set forth above, constitute false designation of origin, false or misleading description of fact and false or misleading representation of fact in violation of 15 U.S.C. §1125(a) [the Lanham Act, §43(a)].

31. Defendant will, if not enjoined by this Court, continue its acts of unfair competition by the use of the false designation origin, false or misleading description of fact and false or misleading representation of fact set forth above, which acts have caused, and will continue to cause Plaintiff immediate and irreparable harm. Pursuant to 15 U.S.C. §1116(a) and Fed. R. Civ. P. 65(a), Plaintiff is entitled to an Order of this Court enjoining Defendant's unlawful activities.  Plaintiff has no adequate remedy at law.

32. As a result of Defendant's conduct set forth above, Plaintiff has been,

and continues to be, irreparably damaged.  Pursuant to 15 U.S.C. §1117(a), Plaintiff is entitled to a judgment for: (1) Defendant's profits; (2) damages sustained by Plaintiff; (3) treble damages; (4) such sum as the Court deems just; (5) Plaintiff's attorneys' fees; (6) Plaintiff's costs of this action; and (7) interest.

## COUNT TWO:

### INFRINGEMENT OF A REGISTERED MARK IN GEORGIA

33.  The preceding paragraphs are realleged and incorporated herein by reference.

34.  Plaintiff owns the service mark "EMPIRE TAXES MULTISERVICIOS VM & DESIGN," which mark has been properly registered under the laws of the State of Georgia, Section 10-1-440 (hereinafter "O.C.G.A.").

35.  By its aforesaid actions, Defendant has intentionally used, without the consent of the Plaintiff, the designation "EMPIRE TAX" in such a way as to cause confusion or mistake or to deceive, as to the source of origin.  Therefore, Defendant's actions constitute intentional infringement likely to injure Plaintiff's business reputation or dilute the distinctiveness of Plaintiff's registered service mark in violation of O.C.G.A. §10-1-450.

36.  As a result of the Defendant's intentional actions, Plaintiff is entitled to

the maximum allowable remedies, including actual compensatory damages and recovery of the Defendant's profits, available under O.C.G.A. §10-1-450 and §10-1-451(a).

37. As a result of the Defendant's intentional actions, Plaintiff is entitled to injunctive relief pursuant to O.C.G.A. §10-1-451.

## COUNT THREE:

## DECEPTIVE TRADE PRACTICES IN GEORGIA

38. The preceding paragraphs are realleged and incorporated herein by reference.

39. Defendant, by the aforesaid acts, has engaged in conduct that creates confusion and misunderstanding in the State of Georgia.

40. Defendant's aforesaid acts are in violation of O.C.G.A. §10-1-370 *et seq.*, including O.C.G.A. §10-1-372 and the common law.

41. On information and belief, as a result of Defendant's unfair and deceptive trade practices in Georgia, Defendant has monetarily profited, and Plaintiff has been monetarily damaged and is likely to be continuously damaged by Defendant's aforesaid acts. Plaintiff has, and continues to be, irreparably damaged by Defendant's aforesaid acts.

42. Unless enjoined by this Court, Defendant will continue its acts of unfair and deceptive trade practices in Georgia, thereby deceiving and confusing the public and causing Plaintiff immediate and irreparable harm, damage, and injury. Plaintiff is entitled to an Order of this Court enjoining Defendant's unlawful activities pursuant to O.C.G.A. Section 10-1-373(a). Plaintiff has no adequate remedy at law.

43. As a result of Defendant's willful unfair and deceptive trade practices in Georgia, Plaintiff is entitled to recover its costs and attorneys' fees under O.C.G.A. §10-1-373(b)(2) and §10-1-373(c).

## COUNT FOUR:

## FRAUDULENT MISREPRESENTATION IN GEORGA

44. The preceding paragraphs are realleged and incorporated herein by reference.

45. Defendant has attempted to encroach upon the business of Plaintiff by intentionally infringing Plaintiff's "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" service marks and trade names.

46. Defendant's aforesaid actions constitute fraudulent misrepresentation under O.C.G.A. Section 23-2-55.

47. Since Plaintiff has no adequate remedy at law, it is entitled to equitable

injunctive relief against Defendant's actions.

## COUNT FIVE:

## **COMMON LAW SERVICE MARK AND TRADE NAME INFRINGEMENT**

48. The preceding paragraphs are realleged and incorporated herein by reference.

49. The aforementioned unauthorized use by Defendant of "EMPIRE TAX," a designation confusingly similar to Plaintiff's "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" service marks and trade names for tax related services, is to the same class of customers as the class of customers to which Plaintiff offers for sale and sells its tax related services under Plaintiff's "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" service marks and trade names, and:

    a. is likely to cause confusion, or to cause mistake or to deceive;

    b. will lead others to believe that Defendant's tax related services have a sponsorship, approval, status, affiliation or connection with Plaintiff that they do not have; and

    c. is a reproduction, counterfeit, copy or colorable imitation of Plaintiff's "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" service marks and trade names used in connection with the sale and

offering for sale of tax related services and such use is likely to cause confusion or to cause mistake or to deceive.

50.     Plaintiff believes that the aforementioned acts of Defendant are being committed with the knowledge that such imitation is causing confusion, or is likely to cause confusion, or to cause mistake or to deceive.  As such, the Defendant's aforementioned acts are intentional, willful, and are maliciously calculated to cause confusion, to cause mistake, or to deceive.

51.     Defendant will, if not preliminarily and permanently enjoined by this Court, continue its acts of common law service mark and trade name infringement set forth above, thereby deceiving the public, trading on Plaintiff's substantial reputation and goodwill and causing Plaintiff immediate and irreparable harm, damage, and injury.  As Plaintiff has no adequate remedy at law, Plaintiff is entitled to an Order of this Court enjoining Defendant's unlawful activities.

52.     As a result of the Defendant's conduct set forth above, Plaintiff has been, and continues to be, irreparably damaged.  Plaintiff is entitled to a judgment for: (1) Defendant's profits; (2) damages sustained by Plaintiff; (3) treble damages; (4) Plaintiff's attorneys' fees; (5) Plaintiff's costs of this action; and (6) interest.

## COUNT SIX:

## COMMON LAW UNFAIR COMPETITION

53. The preceding paragraphs are realleged and incorporated herein by reference.

54. As a result of Plaintiff's use, advertising, offers for sale, and sales of tax related services under its "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" service marks and trade names, and the public's association of the "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" service marks and trade names with Plaintiff, the Defendant's use of a deceptively similar designation, "EMPIRE TAX," in connection with tax related services that are the same as, or substantially similar to, the tax related services of Plaintiff is likely to cause confusion, mistake, and to deceive as to the source, origin, sponsorship, or affiliation of the business and services of the Defendant.

55. Defendant has offered for sale and has sold its tax related services in connection with its infringing designation with full prior knowledge of Plaintiff's "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" service marks and trade names. Defendant's offers for sale and sales of such tax related services were and are for the willful and calculated purpose of trading on

Plaintiff's reputation and goodwill.

56. On information and belief, Defendant has willfully developed, promoted, and sold its tax related services in such a manner so as to suggest an association, affiliation, sponsorship with, or approval by Plaintiff and so as to cause, or to be likely to cause, confusion, or mistake among purchasers as to the origin of the Defendant's tax related services, all to the Defendant's profit and to Plaintiff's monetary damage.

57. The aforesaid conduct of Defendant constitutes common law unfair competition. Defendant's conduct has irreparably damaged and will continue to irreparably damage Plaintiff's reputation and goodwill.

58. Unless enjoined and restrained by this Court, Defendant will continue its acts of unfair competition, thereby deceiving and confusing the public and causing Plaintiff immediate and irreparable harm, damage, and injury. Plaintiff is entitled to an Order of this Court enjoining Defendant's unlawful activities. Plaintiff has no adequate remedy at law.

59. As a result of Defendant's conduct set forth above, Plaintiff has suffered damages. Plaintiff is entitled to a judgment for: (1) Defendant's profits; (2) damages sustained by Plaintiff; (3) treble damages; (4) Plaintiff's attorneys' fees; (5)

Plaintiff's costs of this action; and (6) interest.

**WHEREFORE**, Plaintiff, prays:

(1) That Defendant, its corporate officers, agents, servants, employees and attorneys, and those persons in active concert or participation with it, be preliminary and permanently enjoined:

(a) from using "EMPIRE TAX," or any other designation, trademark, service mark, mark, trade name, or name confusingly similar to Plaintiff's "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" service marks and trade names for tax related services;

(b) from otherwise infringing upon Plaintiff's rights in and to its "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" service marks and trade names, and from otherwise unfairly competing with Plaintiff in any manner;

(c) from offering for sale and selling tax related services under "EMPIRE TAX" or any other designation or mark confusingly similar to Plaintiff's "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" service marks and trade names.

(2) That Defendant be ordered to deliver up for destruction its documents,

signs, packages, forms, advertisements, business cards, letterheads, web site pages and information, and other representations and means for reproducing the same or any printed material bearing "EMPIRE TAX," or any designation, trade dress, trademark, service mark, mark, trade name, or name confusingly similar to Plaintiff's "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" service marks and trade names, and to obliterate, destroy or remove all other uses or designations confusingly similar to Plaintiff's "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" service marks and trade names.

(3) That Defendant be directed to file with the Court and serve on Plaintiff, no later than thirty (30) days after the issuance of an injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

(4) That an accounting be conducted and judgment be entered against Defendant for:

(a) all profits received by Defendant from its offering for sale and selling of tax related services which appear in commerce under a designation similar to Plaintiff's "EMPIRE TAX" and "EMPIRE TAXES MULTISERVICIOS VM & DESIGN" service marks and trade names, directly or indirectly;

(b) all damages sustained by Plaintiff on account of, *inter alia*, Defendant's unfair competition, false designation of origin, false description or representation, service mark infringement, and trade name infringement pursuant to 15 U.S.C. §1117 *et. seq.* and the common law; and

(c) actual compensatory damages in an amount not presently known, but to be computed during the pendency of this action, with interest.

(5) That such damages assessed against Defendant be trebled as provided by 15 U.S.C. §1117(a)(3).

(6) That Defendant be required to pay to Plaintiff monetary damages to be used for corrective advertising to be conducted by Plaintiff.

(7) That Plaintiff have and recover its costs in this suit, including reasonable attorneys' fees and expenses.

(8) That Plaintiff have such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, Empire Tax & Bookkeeping Services, Inc., demands a trial by jury of all issues so triable.

THIS 23rd day of April, 2015.

        Respectfully submitted,

        SMITH RISLEY TEMPEL SANTOS LLC

        */s/ Stephen R. Risley*
        Stephen R. Risley
        Georgia State Bar No. 606545
        SMITH RISLEY TEMPEL SANTOS LLC
        Two Ravinia Drive
        Suite 700
        Atlanta, Georgia 30346
        Telephone: (770) 709-0022
        Facsimile: (770) 804-0900
        Email: srisley@srtslaw.com

        Attorneys for Plaintiff
        Empire Tax & Bookkeeping Services, Inc.